# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  2:09-cr-00386-JCM-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LEONARD DELIS, JR., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Leonard Delis's Motion to Suppress Involuntary and Uncounseled Statements (#27), filed on April 7, 2010.  Defendant contends that following his arrest on February 12, 2010, North Las Vegas Police officers questioned him without advising him of his *Miranda* rights.  Defendant further contends that he refused to speak with the officers and invoked his right to remain silent, but that he was transported to the police station where he was further interrogated without his consent and without being advised of his *Miranda* rights.  The Court conducted an evidentiary hearing on August 31, 2010.

According to the testimony of North Las Vegas Police Officers Brian Booker and Steven Wiese, Defendant was a suspect in a burglary ring and there was a warrant for his arrest.  On February 12, 2010, the officers were conducting surveillance near the apartment complex where Defendant resided.  Upon observing Defendant, Officer Booker or Wiese requested that uniformed officers take him into custody.  Defendant was in the uniformed officers' custody for approximately five minutes before Booker and Wiese arrived to take him into their control.  Officer Wiese escorted Defendant to an area away from the uniformed officers where he advised Defendant of his *Miranda* rights.  Both officers testified that Defendant acknowledged understanding his rights and

agreed to speak to the officers.  Detective Flory Stucky testified that Defendant also agreed to speak with her and to go to the police station or detective bureau office to be interviewed.

Defendant's counsel stated that he was not aware until the evidentiary hearing that Defendant had been taken into custody by uniformed officers before he was contacted by Officers Booker or Wiese.  Defendant's counsel requests that he have the opportunity to examine the two uniformed officers in regard to any interrogation that may have occurred before Defendant was allegedly advised of his *Miranda* rights.  Defendant's counsel argues that if Defendant was subjected to substantive interrogation prior to being advised his rights, then his subsequent *post-Miranda* statements may also be subject to suppression.  *See Missouri v. Seibert*, 542 U.S. 600, 124 S.Ct. 2601 (2004); *compare Oregon v. Elstad*, 470 U.S. 298, 105 S.Ct. 1285 (1985).  Defendant also wishes to question the uniformed officers as to whether they observed Officer Wiese advise Defendant of his rights and whether Defendant waived his rights.

Although there is no evidence that Defendant Delis was subjected to substantive questioning by the uniformed officers, he was in their custody for approximately five minutes before Officers Booker and Wiese arrived on scene.  It is therefore possible that the uniformed officers questioned Defendant during this period and/or that they observed whether Defendant was informed of his *Miranda* rights by Officer Wiese and whether he waived those rights.

Accordingly, the Court will grant Defendant's request that the two uniformed officers who were identified during the hearing be called to testify on September 10, 2010 at 9:30 a.m.

**IT IS SO ORDERED.**

DATED this 3rd day of September, 2010.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE